J-A24009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG DORIAN HALL | : | |
| | : | |
| Appellant | : | No. 389 MDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001229-2016

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 21, 2018**

Craig Dorian Hall appeals from the judgment of sentence entered February 14, 2018, in the Court of Common Pleas of Lebanon County, to serve a term of imprisonment of six months to two years less one day of incarceration, after he was  found guilty by the trial judge of driving under the influence (DUI) (highest rate of alcohol), DUI (general impairment), driving on roadways laned for traffic, and careless driving.[1]  Hall contends the evidence presented at his stipulated bench trial was insufficient to prove him guilty of DUI (highest rate of alcohol), because the Commonwealth did not establish his blood alcohol content (BAC) in whole blood.  Based upon the following, we affirm.

_____

[1] 75 Pa.C.S. §§ 3802(c), 3802(a)(1),  3309(a), and 3714(a), respectively.

The non-jury trial in this case consisted of a Stipulation (Exhibit 1), with four exhibits, numbered one through four, entered into evidence. The Stipulation and exhibits set forth the following:

(1)     On April 12, 2016, at approximately 7:30 P.M., [Hall], was charged with two (2) counts of Driving Under the Influence of Alcohol and two summary offenses by Trooper Manuel Cabrera-Maldonado of the Pennsylvania State Police.

(2)     The charges relate to an incident that occurred on or about 11:35 A.M. on December 26, 2015 on [R]oute 934, approximately four (4) miles south of Jonestown Road in East Hanover Township, Lebanon County, Pennsylvania, where Trooper Cabrera-Maldonado has jurisdiction.

(3)     On December 26, 2015 at 11:35 A.M., Trooper [Cabrera-]Maldonado of the Pennsylvania State Police responded to the scene of a single vehicle accident at PA-9[34] in Lebanon County, PA.

(4)     Upon arrival, Tpr. [Cabrera-]Maldonado found [Hall's] vehicle, a gold 2000 Chevrolet Malibu with disabling damage to the front of the vehicle.

(5)     Tpr. [Cabrera-]Maldonado observed an ambulance on scene and entered the rear of the ambulance and observed [Hall] being treated for injuries.

(6)     Tpr. [Cabrera-]Maldonado questioned [Hall] who admitted to being the driver of the aforementioned vehicle, and [Hall] accurately provided his name and date of birth.

(7)     Tpr. [Cabrera-]Maldonado further questioned [Hall] who provided a thorough description of the accident.

(8)     Tpr. [Cabrera-]Maldonado observed the strong odor of alcohol emanating from [Hall's] breath and that he had slurred speech and blood shot glassy eyes.

(9)     Tpr. [Cabrera-]Maldonado questioned [Hall] if he had consumed an alcoholic beverage prior to him driving and

[Hall] related the day before he had one-half of a case of beer, but denied he consumed beer before driving.

(10) [Hall] was transported to the Penn State Hershey Medical Center for treatment for his injuries sustained during the vehicle crash at the conclusion of Tpr. [Cabrera-]Maldonado's questions.

(11) [Hall's] blood was drawn pursuant to Tpr. [Cabrera-]Maldonado's request memorialized in a Law Enforcement Agency Certification of Request for Blood or Urine Testing under the Pennsylvania Vehicle Code. (Attached hereto as Exhibit 1).

(12) Hershey Medical Center staff drew [Hall's] blood and submitted it to the Department of Pathology and Lab Medicine for toxicology analysis.

(13) At all times [Hall's] blood sample was appropriately maintained and preserved for chain of custody purposes.

(14) Penn State Hershey Medical Center's Department of Pathology and Lab Medicine is approved to determine the Blood Alcohol Content (BAC) of blood serum samples under the Vehicle Code.

(15) Tests for BAC of [Hall's] blood serum sample were certified by Monica Straub, a Supervisor in the Automated Testing Laboratory in the Chemistry Department at the Hershey Medical Center at 12:41 [P.M.] on December 26, 2015.

(16) Ms. Straub has been appropriately educated and trained to conduct such work. (Attached hereto as Exhibit 2).

(17) The testing revealed [Hall's] blood serum to possess a 391 mg/dL ethanol level. [Hall's] medical records memorialize the results of the test. (Attached hereto as Exhibit 3).

(18) Ms. Straub would testify that BAC is measured in g/dL.

(19) Ms. Straub would testify that dividing a mg/dL unit of measurement by 1,000 results in a g/dL measurement, therefore dividing a blood serum ethanol level measured in mg/dL by 1,000 would give the sample owner's BAC.

(20)   Ms. Straub would testify that Defendant's BAC was .391.

(21)   Ms. Straub's testimony would be consistent with the statements contained within paragraphs fifteen (15) through nineteen (19).

(22)   Defendant admits to the allegations contained in the Criminal Information filed in the above–captioned matter as an accurate description of the events in question. (Attached hereto as Exhibit 4).

Stipulation, Commonwealth Exhibit 1, 11/20/2017.

The trial judge found Hall guilty of the above stated crimes, and upon the trial court's finding of guilt, Hall's counsel made an oral motion for acquittal on the DUI – highest rate of alcohol charge, on the basis that Hall's blood alcohol reading was not established in whole blood.[2]  The trial court denied the motion.  Thereafter, the trial court sentenced Hall.  Prior to sentencing, Hall's counsel renewed his oral motion for judgment of acquittal of the DUI – highest rate of alcohol charge.  The trial court again denied the motion, and sentenced Hall.  This appeal followed.[3]

The sole issue presented in this appeal is a challenge to the sufficiency of the evidence to sustain the conviction for DUI (highest rate of alcohol).  Our standard of review of a sufficiency claim is, as follows:

_____

[2] Pursuant to Pennsylvania Rule of Criminal Procedure 606, "A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses in one or more of the following ways:  … a motion for judgment of acquittal made orally immediately after the verdict."  Pa.R.Crim.P. 606(A)(4).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Haight*, 50 A.3d 137, 140 (Pa. Super. 2012) (citation omitted).

A conviction of DUI (highest rate of alcohol) requires proof that (1) the defendant was driving, operating, or in actual physical control of the movement of a vehicle, and (2) the defendant's blood alcohol content was 0.16% or higher within two hours of driving, operating, or being in control of the vehicle. 75 Pa.C.S. § 3802(c).  Hall concedes he was operating a vehicle within two hours of when his blood was drawn at the Penn State Hershey Medical Center.  However, Hall contends the evidence stipulated to by the parties was insufficient because the Commonwealth only presented blood serum testing results and therefore, the trial court could not determine Hall's blood alcohol level, in whole blood, beyond a reasonable doubt.  In support,

Hall cites *Commonwealth v. Karns*, 50 A.3d 158, 161 (Pa. Super. 2012), for the proposition that "evidence of testing performed on blood serum, plasma, or supernatant, 'without conversion, will not suffice.'" Hall's Brief at 11.

Hall claims the Stipulation contains no reference to Hall's blood serum being converted, and the words "convert," "conversion factor," and "whole blood" are not found in the stipulated facts. Hall argues there is no mention that Ms. Straub's dividing the blood serum reading by 1,000 in order to change the unit of measurement from milligrams per deciliter (mg/dL) to grams per deciliter (g/dL) was a conversion factor. Hall states that dividing the serum results by 1,000 changed the unit of measurement for presenting the blood serum results. Hall asserts the division "did not convert his serum results to whole blood results; it simply changed the formatting of the presentation." Hall's Brief at 14.

The Commonwealth takes the position that the Stipulation and exhibits set forth the testimony that would have been provided by Monica Straub. The Commonwealth maintains:

> The stipulation provided clear evidence of a conversion factor to [Hall's] BAC from serum. As stipulated by the parties, the conversion factor that would be testified to by Ms. Straub would be to divide the serum alcohol concentration by 1,000 to determine the correct BAC. Defense did stipulate that [Hall's] BAC was .391.

Commonwealth's Brief at 9.

The trial court found "[t]he Stipulation sets forth that Ms. Straub would testify to the results of testing on [Hall's] blood serum and explained how that result would be converted to indicate [Hall's] accurate blood alcohol content. (See Stipulation, at Paras. 17-20). The toxicology report confirms this result. (Exhibit 3)." Trial Court Opinion, 4/30/2018, at 5.

Based on our review of the record, we conclude there is no basis upon which to disturb the judgment of sentence. By entering into the Stipulation, Hall agreed with Ms. Straub's calculations, and he agreed she would testify "Defendant's BAC was .391" — without reservation. Stipulation, *supra*, ¶20. Moreover, apart from Hall's agreement with Ms. Straub's proposed testimony, Hall agreed to the allegations in the Information that he

> unlawfully drove operated or was in actual physical control of a vehicle, **after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individuals blood or breath was at least .16% or higher, to wit .391%,** within two hours after the individual has driven, operated, or been in actual physical control of the movement of the vehicle.

Stipulation, *supra,* Exhibit 4 (Information) (emphasis added); *see also,* Stipulation, *supra*, ¶22. Accordingly, the evidence of record was sufficient to convict Hall of DUI – highest rate of alcohol.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2018